IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LEODIS RANDLE                                                                                    PETITIONER

v.                               NO. 4:18-cv-00223 SWW/PSH

PULASKI COUNTY DETENTION CENTER,                                       RESPONDENTS
GENISE KEY, STATE OF ARKANSAS,
BARRY SIMS, and COLLEAN BARNHILL

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Petitioner Leodis Randle ("Randle") began this case by filing a document that the Clerk of the Court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. Although Randle appeared to address his petition to the United States Court of Appeals for the Eighth Circuit, he filed the petition in the United States District Court for the Eastern District of Arkansas. He did not specifically identify a respondent, but he did name the Pulaski County Detention Center ("Detention Center"), Genise Key, the State of Arkansas, Judge Barry Sims, and Collean Barnhill in the body of the petition. Randle appeared to allege that he is presently confined in the Detention Center after having been convicted of some unidentified offense in Pulaski County Circuit Court. He appeared to maintain that his conviction violated his constitutional rights. He failed, though, to pay the five dollar filing fee or, alternatively, file a motion for leave to proceed in forma pauperis. Given his failure to do so, the Court ordered the following:

1) The Clerk of the Court was directed to send Randle the standard forms for filing a petition pursuant to 28 U.S.C. 2254.

2) Randle was ordered to complete the standard 28 U.S.C. 2254 forms in full and file them with the Clerk of the Court by the close of business on May 4, 2018.

3) The Clerk of the Court was also directed to send Randle the standard forms for filing a motion for leave to proceed in forma pauperis.

4) Randle was ordered to either pay the five dollar filing fee or file a motion for leave to proceed in forma pauperis using the standard forms. He was given up to, and including, May 4, 2018, to do so.

See Docket Entry 2. Randle was warned that in the event he failed to comply with the terms of that Order by May 4, 2018, the Court would recommend that this case be dismissed without prejudice.

Randle thereafter filed a motion for contempt that the undersigned denied on April 16, 2018. See Docket Entry 4. In the Order denying the motion, he was reminded of the following obligations: 1) to file an amended petition for writ of habeas corpus using the standard 28 U.S.C. 2254 forms, and 2) to either pay the five dollar filing fee or file a motion for leave to proceed in forma pauperis using the standard forms for doing so. He was again warned that in the event he failed to comply with both obligations by May 4, 2018, the Court would recommend that this case be dismissed without prejudice.

On April 17, 2018, Randle submitted a document that was filed as a notice to the Court. See Docket Entry 5. The document was neither an amended petition for writ of habeas corpus nor a motion for leave to proceed in forma pauperis.

May 4, 2018, has come and gone, and the Clerk of the Court has no record of Randle having either paid the five dollar filing fee or a motion for leave to proceed in forma pauperis. Given Randle's failure to do so, it is recommended that this case be dismissed without prejudice.

DATED this 14th day of May, 2018.

                                                            UNITED STATES MAGISTRATE JUDGE